UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JOSE C.V,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

No. 1:26-cv-06120-RLP

ORDER GRANTING HABEAS PETITION

Before the Court is Petitioner Jose C.v.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing.

---

[1]The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Respondents acknowledge that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) but argue that the Government should carry the burden at any such hearing. The Court is not convinced.

Section 1226(a) is silent as to which party bears the burden of proof or by what standard at a bond hearing. "The Ninth Circuit previously held that the respondent must bear the burden by clear and convincing evidence in *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds as recognized in Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022)." *Fnu Aman v. Mullin*, 2026 WL 1454530, at *4 (C.D. Cal. May 19, 2026). While portions of *Singh* are no longer binding precedent, this court joins countless others in concluding the due process requires Respondents to shoulder the burden at the initial custody hearing. *See, e.g., Mendoza v. Noem*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh*—placing the burden on the Government—should still be followed); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the Government to bear the burden); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that Matthews required the Government to bear the burden).

As Respondents have not identified any factual or legal issues warranting Petitioner's continued detention without a bond hearing, his petition is granted.

Petitioner must be provided a bond hearing before an immigration judge, at which the Government shall bear the burden of establishing by clear and convincing evidence that he is a flight risk or danger to the community.

Accordingly**, IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 079358250) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, criminal history, harm to his family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. Within two days of the date of the bond hearing, Respondent is directed to file a notice in this court certifying compliance with this Order. The

notice should attach the Immigration Judge's order and/or describe its substantive findings.

IT IS SO ORDERED. Judgment shall be entered for the Petitioner and the file is CLOSED. A copy of this Order shall be transmitted to Petitioner by mail.

**DATED** August 20, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE